```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Robin L. King

    v.                                     Case No. 16-cv-146-JD
                                             Opinion No. 2016 DNH 149
Carolyn W. Colvin,
Acting Commissioner


O R D E R

Robin L. King seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying her application for social security disability benefits. King contends that the Administrative Law Judge ("ALJ") erred in failing to find that she had additional severe impairments, in finding that she did not meet Listing 1.04, and in evaluating the credibility of her subjective complaints. The Acting Commissioner moves to affirm.


Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276

F.3d 1, 9 (1st Cir. 2001).  The court defers to the ALJ's factual findings as long as they are supported by substantial evidence.  § 405(g).  "Substantial evidence is more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev.</u>, 620 F.3d 62, 66 (1st Cir. 2010).

## Background[1]

Robin King applied for social security disability benefits because of meralgia paresthetica, leg numbness, and lower back problems in October of 2012 when she was forty-six years old. She had previously worked as a housekeeper, machine operator, order picker, and temporary laborer.

The medical evidence in the administrative record begins in September of 2011 when King saw Dr. West because of right knee pain.  Despite tenderness in her knee, she had a full range of motion and her neurological exam was "non-focal" or normal.  Dr. West diagnosed tendonitis, obesity, hypertension, and

---

[1] The background information is summarized from the parties' joint statement of material facts.  <u>See</u> LR 9.1(c).

depression.  An x-ray of her knee in March of 2012 showed osteoarthritic changes.

In October of 2012, King had a lumbar spine MRI that showed lumbar spine degenerative disc and facet disease.  The x-ray also showed moderate narrowing of the spinal canal at L3/L4 and moderate right foraminal narrowing.  At an appointment in November of 2012, the nurse found that King's lumbar spinal area was tender, her leg reflexes were diminished, but her straight leg test was normal.  By December, the nurse found that with medication King had no acute distress despite back and thigh tenderness.

In an evaluation at the Pain Clinic in January of 2013, Dr. Ferns noted King's diagnosis of lumbar spine degenerative disc and facet disease, that King had stopped working due to pain, that her strength was normal, her muscular range of motion was normal, her gait was normal, and she could walk heel to toe. Dr. Ferns administered a nerve block for her thigh pain.  The next week King reported that the pain was interfering with her ability to walk and do things at home but her examination was normal except for lumbar tenderness.  King had another nerve block in February of 2013 but had no relief from pain.  Health care providers reported during King's appointments over the next

six months that she was experiencing symptoms of ankle swelling due to obesity.

Dr. Hugh Fairley, a state agency consultative physician, reviewed King's medical records of physical impairments.  Dr. Fairley found that King retained the ability to lift and carry ten pounds, walk and stand for two hours in an eight-hour day, sit for six hours with alternating between sitting and standing, occasionally do postural activities, and could not climb ladders, ropes, or scaffolds.

A hearing before an ALJ was held on King's application on October 6, 2014.  King was represented by an attorney and testified at the hearing.  King provided her educational background and her prior work experience.  She described her daily activities and said that she could not work because of arthritis in her back.  A vocational expert testified that there were jobs in the relevant economies that King could do.

The ALJ issued a decision on December 8, 2014.  The ALJ found that King had severe impairments due to bilateral meralgia paresthetica and obesity but that King's degenerative disc and facet disease and right knee condition did not cause severe impairment.  He also found that King's impairments did not meet or equal a listed impairment and considered Listing 11.14.  The

ALJ concluded that King had the residual functional capacity to do light work under 20 C.F.R. § 404.1567(b), without climbing ladders, scaffolds, and ropes, and could do postural activities occasionally.  With that evaluation, the ALJ found that King could do her past work as a housekeeper and could also do other jobs, such as fast food worker, cashier, and price marker.

The Appeals Council denied King's request for review, making the ALJ's decision the Acting Commissioner's final decision.

## Discussion

In support of her motion to reverse the Acting Commissioner's decision, King contends that the ALJ should have found that she had severe impairments due to degenerative disc disease and arthritis in her knee, should have found her disabled under Listing 1.04, and should have credited her testimony about her pain and limitations.  The Acting Commissioner moves to affirm, arguing that substantial evidence supports the decision.

In determining whether a claimant is disabled for purposes of social security benefits, the ALJ follows a five-step sequential analysis.  20 C.F.R. §§ 404.1520.  The claimant bears

the burden through the first four steps of proving that her impairments preclude her from working. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). At the fifth step, the Acting Commissioner has the burden of showing that jobs exist which the claimant can do. Heggarty v. Sullivan, 947 F.2d 990, 995 (1st Cir. 1991).

A.   Step Two – Severe Impairments

At Step Two, the ALJ determines based on the record evidence whether the claimant has one or more medically determinable impairments that are severe. § 404.1520(a)(ii). An impairment or a combination of impairments is severe at Step Two if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 404.1520(c). It is the claimant's burden at Step Two to show that she has a medically determinable severe impairment. Bowen v. Yuckert, 482 U.S. 137, 146 & 149 (1987).

King contends that because she had diagnosed conditions of degenerative disc disease and osteoarthritis in her knee and had pain that required nerve blocks to be administered those conditions were severe impairments. The ALJ considered both diagnoses, however, and found that they were not severe

impairments because the record did not show they caused more than a minimal limitation in her ability to do activities.[2] King's reference to the nerve block treatments is misplaced as the nerve blocks were used to treat her thigh pain due to bilateral meralgia paresthetica, which the ALJ found to be a severe impairment.[3]

B. <u>Listing 1.04</u>

At Step Three of the sequential analysis, the ALJ must determine if the claimant's impairment or combination of impairments meets or equals a listed impairment.  20 C.F.R. § 1520(d).  To meet a listed impairment, the claimant must show that her impairment or combination satisfies all of the criteria required in the listing.  20 C.F.R. § 404.1525(c)(3).  To equal a listing, a claimant must show that her impairment or combination is "at least equal in severity and duration to the criteria of any listed impairment."  § 404.1526(a).

Listing 1.04 pertains to disorders of the spine.  20 C.F.R.

---

[2] King erroneously charges that the ALJ completely disregarded the diagnoses of degenerative disc disease.
[3] Although Dr. Ferns noted the diagnosis of degenerative disc and facet disease, he stated that King was referred to the Pain Clinic because of thigh pain due to bilateral meralgia paresthesia.

Part 404, Subpart P, App. 1, Part-A1, § 1.04.  King states that the requirements of Listing 1.04(A) "seem to be completely met by the medical evidence."  She does not cite any specific medical evidence or explain how medical evidence shows the criteria of part A.  It is King's burden to prove that her impairment or combination of impairments meets or equals Listing 1.04.  See Newcomb v. Colvin, 2016 WL 3962843, at *2 (D. Me. July 22, 2016).

Listing 1.04(A) requires:  "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine."  As the ALJ explained in finding that King's degenerative disc disease was not a severe impairment, the medical record shows that King did not have limitation in motion of her spine, motor loss, or positive straight-leg raising tests.  King has not provided any evidence to the contrary or supported her assertion that obesity in combination with her degenerative disc disease would meet the criteria of Listing 1.04(A).

Substantial evidence in the record supports the ALJ's finding at Step Three.

C. Subjective Complaints

King asserts that the ALJ failed to properly assess her subjective complaints by making inconsistent findings in her limitations in the activities of daily living, but does not identify the inconsistencies that she perceives. She cites Social Security Ruling ("SSR") 96-7p for the requirement that the ALJ provide specific reasons for a finding of the claimant's credibility.[4]

In his decision, the ALJ noted King's testimony about why she could not work and her daily activities. The ALJ found that King testified to extremely limited functional abilities but that the medical evidence did not support King's limited view of her abilities. Although the ALJ did not recite the medical

---

[4] SSR 96-7p provides the process by which an ALJ should evaluate a claimant's subjective complaints. The Ruling was "was promulgated in part 'to state the importance of explaining the reasons for the [ALJ's] finding about the credibility of the individual's statements in the disability determination.'" Rodrigues v. Colvin, 2016 WL 1076601, at *3 (D.R.I. Mar. 17, 2016) (quoting Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 (July 2, 1996), at *1).

evidence to show the inconsistencies between King's testimony and the record, he provided a detailed review of King's complaints in light of the record in the context of the Step Two evaluation.  As such, substantial evidence exists in the record to support the decision, and a failure to repeat the analysis in this case does not require a remand.

## Conclusion

For the foregoing reasons, the claimant's motion to reverse (document no. 9) is denied.  The Acting Commissioner's motion to affirm (document no. 10) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

                                           */s/ Joseph A. DiClerico, Jr.*
                                           Joseph A. DiClerico, Jr.
                                           United States District Judge

August 23, 2016

cc:   Michael C. Shklar, Esq.
      Robert J. Rabuck, Esq.